UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>RUSSELL EUGENE GILMORE, and<br>RICHARD DAVID HEMSLEY,<br><br>            Defendants. | No.  2:13-cr-00300-GEB<br><br><br>**ORDER** |

On December 9, 2015, counsel for the government emailed the undersigned judge's courtroom deputy concerning the pending separate suppression motions filed by Defendant Russell Gilmore and Defendant Richard Hemsley, which are scheduled for hearing on December 11, 2015. Since the content of the email concerns the motions and could be viewed as lacking congruity with what the parties previously stated in a public filing, its content is copied herein as follows:

> This case is currently on calendar for this Friday, **for the purpose of determining whether an evidentiary hearing is needed** on Defendant Gilmore's Motion in Limine (Doc. No. 100) and Defendant Hemsley's Motion in Limine (Doc. No. 105), both of which concern the admissibility of their recorded statements. **The parties have conferred and all agree that an evidentiary hearing is needed** for the Court to make the fact findings necessary to rule on the motions.

1

> Would it be acceptable to file a written stipulation setting this for evidentiary hearing, and if so, what are the Court's available dates?

(Email, December 9, 2015 (emphasis added).)

In the referenced previous filing, the parties stipulated that the December 11, 2015 hearing was scheduled for "**legal argument only**." (Stipulation and Order 4:11, November 16, 2015, ECF No. 125 (emphasis added).) In that filing, the parties also stated in relevant part:

> The parties believe that Defendant Russel[l] Eugene Gilmore's First Motion in Limine (Doc. No. 100) and Defendant Richard David Hemsley's Motion in Limine (Doc. No. 105), which concern the admissibility of their recorded statements, should be heard as currently scheduled on [December 11], 2015, in light of the importance of those motions to the parties' respective trial strategies. **The hearing on [December 11, 2015] will not include an evidentiary hearing**, though the Court may order such an evidentiary hearing to resolve contested issues of fact if necessary.

(Id. at 3:3-9 (emphasis added).)

Further, notwithstanding the parties' joint conclusory request that an evidentiary hearing on the pending motions be scheduled, they have not shown on what precise factual issue or issues an evidentiary hearing is necessary. "An evidentiary hearing on a motion to suppress need be held only when [a party identifies a factual dispute] with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist[,]" which are material to decision on the motion. United States v. McTiernan, 695 F.3d 882, 891 (9th Cir. 2012) (internal quotation marks omitted) (quoting

2

United States v. Quoc Viet Hoang, 486 F.3d 1156, 1163 (9th Cir. 2007)); see also United States v. Wilson, 7 F.3d 828, 835 (9th Cir. 1993) (affirming the district court's decision not to hold an evidentiary hearing on a suppression motion where the defendant did not raise a "specific and material contested issue[] of fact"). Since such a factual dispute has not been identified, the December 11, 2015, hearing scheduled for oral argument on each Defendant's motion remains on calendar.

Dated:  December 10, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge