HEATHER E. WILLIAMS, #122664
Federal Defender
MATTHEW C. BOCKMON, #161566
SEAN RIORDAN, # 255752
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone: (916) 498-5700

Attorneys for Defendant
RUSSELL EUGENE GILMORE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>RUSSELL EUGENE GILMORE, et al.,<br><br>　　　　　　Defendants. | Case No. 2:13-cr-300 GEB<br><br>**STIPULATION AND [PROPOSED] ORDER TO SET EVIDENTIARY HEARING**<br><br>Date: January 8, 2016<br>Time: 10:00 a.m.<br>Judge: Hon. Garland E. Burrell, Jr. |

Pursuant to the Court's order (ECF Doc. No. 140), the government and Defendant Russell Eugene Gilmore submit that the facts relevant to the question of whether Mr. Gilmore was in custody at the time of his questioning by law enforcement are appropriately resolved at an evidentiary hearing. The parties request the date of January 8, 2016 at 10:00 a.m. The government and Gilmore stipulate that there are a number of facts that should be developed at the evidentiary hearing relevant to the question of whether Mr. Gilmore was in custody at the time of his questioning, including, but not limited to:

1. The manner in which the law enforcement agents entered and searched the Storksbill Road property, including, but not limited to (1) the number of law enforcement personnel and whether they were armed, (2) whether and to what extent Mr. Gilmore was restrained, either by physical force or by threats; (3) to what degree Mr. Gilmore was isolated from others; (4) what exactly the officers told Mr. Gilmore, including what he

was told, if anything, about being free to leave or to terminate the interview; (5) the extent to which Mr. Gilmore was confronted with evidence of guilty; (6) the physical surroundings; and (7) the duration of Mr. Gilmore's detention. These subjects of inquiry are drawn from *United States v. Craighead*, 539 F.3d 1073, 1084 (9th Cir. 2008) and *United States v. Hayden*, 260 F.3d 1062, 1066 (9th Cir. 2001).

2. Whether Detective Palmberg, who questioned Mr. Gilmore, provided Mr. Gilmore any information that was not captured on the recording of his questioning.

3. Whether law enforcement prevented Mr. Gilmore from leaving the Storksbill Road property during the interview.

4. The length of time that elapsed between the termination of Detective Palmberg's questioning of Mr. Gilmore and Mr. Gilmore's formal arrest, including what occurred during that period.

In order to narrow the scope of the evidentiary hearing, the government and Mr. Gilmore hereby stipulate to the following facts:

1. The Storksbill Road property was Mr. Gilmore's primary residence and was effectively his home at the time of the search and seizure.

2. Mr. Gilmore was told by Det. Palmberg that he did not have to talk if he did not want to.

3. Mr. Gilmore was not told he was free to leave.

IT IS SO STIPULATED.

                                                       Respectfully submitted,

                                                       HEATHER E. WILLIAMS
Federal Defender

DATED: December 18, 2015        */s/ Matthew Bockmon*
                                                       MATTHEW C. BOCKMON
Assistant Federal Defendant

                                                       */s/ Sean Riordan*
Assistant Federal Defender

Attorneys for Defendant
Russell E. Gilmore

1   DATED: December 18, 2015			BENJAMIN B. WAGNER
						United States Attorney
2
						*/s/ Audrey Hemesath*
3						AUDREY HEMESATH
						SAMUEL WONG
4						Assistant United States Attorneys
						Attorney for Plaintiff
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Stipulation Concerning Evidentiary Hearing on			-3-
Gilmore's Motion in Limine No. 1

ORDER

The Court, having received, read, and considered the stipulation of the parties, as well as the parties' prior briefing on Defendant Russel Gilmore's Motion in Limine Number 1, and good cause appearing therefrom, adopts the stipulation of the parties and orders that an evidentiary hearing to determine whether Mr. Gilmore was in custody be held on January 8, 2016 at 10:00 a.m.

Dated:  December 18, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge