UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>RUSSELL EUGENE GILMORE and RICHARD DAVID HEMSLEY,<br><br>        Defendants. | No.  2:13-cr-00300-GEB<br><br>**ORDER DENYING GILMORE'S MOTION IN LIMINE NO. 3**[*] |

Defendant Russell Gilmore "moves [in his third motion in limine ("MIL")] for an on-site jury view of the scene of the charged offense[,]" arguing: "[t]he Court has the inherent authority to order a jury view of the scene[, and] . . . [o]n the specific facts of this case, a jury visit to the site is constitutionally necessary." (Gilmore MILs 8:26-9:13, ECF No. 100.) Gilmore contends:

> Here, the defense wishes to present relevant evidence of the physical characteristics of the scene of the charged

---

[*] Gilmore's Motions in Limine Nos. 1 and 2 will be the subject of a separate order after the evidentiary hearing is held on Gilmore and Richard Hemsley's motions to suppress their recorded statements. Gilmore withdrew his fourth motion in limine. (See Gilmore's Reply to Gov't Opp'n to MILs 3:2-3, ECF No. 135.) Further, Gilmore's arguments in his reply that "the Court should convene a Daubert/Kumho hearing to ensure that the government's proffered expert testimony is reliable and should ensure that the government's proffered experts do not also testify as lay witnesses" are not considered since they were raised for the first time in his reply. See, e.g., Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) ("[A] district court need not consider arguments raised for the first time in a reply brief.").

1

> offense. Details of those characteristics, including distance, topography, and plant cover, are relevant to the charged offenses and cannot adequately be introduced into evidence without an on-site view to the scene.
>
> The government's theory [against Gilmore] appears to be that [he] was hired to guard the marijuana grow found at 1661 Storksbill Road in Pilot Hill, California. It is undisputed that Mr. Gilmore was living at the top of the property where the main access point was, and that the marijuana garden was at the bottom of the property. . . .
>
> Defense counsel has visited the scene and wishes to present evidence of the infeasibility of a person at the top of the property guarding the garden. Among other reasons, an on-site visit is required for the jury to view the topography of the area, the distance between the top of the property and the garden, the number of sites of access to the garden from other parts of the area, the proximity of public lands to the garden, and the lack of a sightline between the top of the property and the garden.
>
> The attached [aerial photographs] – produced by the government in discovery – show why photographs of the scene are insufficient to provide the relevant defense evidence. It is impossible from the aerial photographs to assess accurately the distance between various pertinent points at the scene, the topography of the area, and the amount of plant cover.
>
> Likewise, no form of technology – photographs or videography – is sufficient to convey to the jury what is readily apparent from the site: that no one would be able to reasonably guard the marijuana garden from the top of the property where Mr. Gilmore slept.

(Id. at 9:14-10:17.)

The government responds that "[t]he Court should deny in its discretion Gilmore's motion for a jury visit to the marijuana grow site." (Gov't Opp'n to Defs.' MILs 12:10-11, ECF

2

1  No. 120.) The government argues:

2
3
4
5
6
7
8
9
> [I]t would be logistically difficult and inconvenient to take the jury to the marijuana grow site. . . . Here, the jury would have to drive from the courthouse to BLM land in El Dorado County and traverse hilly, unpaved terrain. . . . This area was the site for consecutive marijuana gardens in 2011 and 2012 so there is real risk that there might be another marijuana garden in the same area. Consequently, the jury site visit would necessarily have to be escorted by a sizeable security force, which might lead the jury to conclude these defendants to be dangerous and prejudice the jury against defendants.

10
11
12
13
14
15
16
17
18
> [Also], the United States will introduce photographs, video and demonstrative exhibits including maps that will give the jury sufficient evidence to understand the nature of the site. . . . The defense will also be able to offer photographic and other evidence. In many ways, these photographs are superior evidence to a site visit because three years has passed since the conduct in question (August – September 2012), and the land, trees, and other vegetation may have changed in that time. Further, a substantial portion of the land was used for storage of construction materials, equipment, Conex cargo boxes, and other junk. During the past three years, it is likely that these items are changed on the site also.

19
20
21
22
23
> . . . The defense argues that they will assert a defense of infeasibility of guarding the marijuana garden from Mr. Gilmore's sleeping quarters at the top of the property. This defense can be mounted without a jury visit to the site. The defense is free to seek to admit photographs, measurements, and testimony that would support this theory of infeasibility.

24  (Id. at 12:16-13:23.)

25  "[T]he granting or denial of a motion for jury view
26  . . . rests in the discretion of the trial judge." Hughes v.
27  United States, 377 F.2d 515, 516 (9th Cir. 1967). In exercising
28  its discretion, the Court may "consider[] [whether] taking the

3

jury to view the site [i]s logistically difficult." United States v. Bernal, 533 F. App'x 795, 796 (9th Cir. 2013) (citing Hametner v. Villena, 361 F.2d 445, 446 (9th Cir. 1966)). The Court may also consider whether "the jury ha[s] sufficient evidence to understand what [i]s depicted at the site." Id. (citing Hughes v. United States, 377 F.2d 515, 516 (9th Cir. 1976)).

Here, it would be logistically difficult for the jury to view the site. "To reach the site, the jury would be required to drive from the courthouse to [El Dorado County] and [traverse]" over hilly, unpaved terrain. Bernal, 533 F. App'x at 796. Further, Gilmore has not shown that the jury will not have sufficient alternate evidence to understand the site's size, topography, and physical characteristics. The government states that it "will introduce photographs, video[,] and demonstrative exhibits including maps" concerning the site. (Gov't Opp'n to Defs.' MILs 12:28-13:1.)

For the stated reasons, Gilmore's third in limine motion, which requests a jury view, is DENIED.

Dated: January 5, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

4