UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>RUSSELL EUGENE GILMORE, and<br>RICHARD DAVID HEMSLEY,<br><br>            Defendants. | No.  2:13-cr-00300-GEB<br><br>**ORDER DENYING GILMORE'S MOTION FOR ADDITIONAL PEREMPTORY CHALLENGES** |

Defendant Russell Gilmore ("Gilmore") "requests [under Federal Rule of Criminal Procedure ("Rule") 24(b)] that th[e] Court provide each co-Defendant with 10 peremptory challenges to be exercised separately." (Gilmore Mot. for Add'l Peremptory Challenges 1:15-17, ECF No. 104.) Gilmore argues:

> Divergent defense strategies in this case warrant additional peremptory challenges. The [two] co-defendants[1] in this case are all represented by . . . different attorneys — no conflict waiver has been sought and there is no joint representation of any . . . co-defendants.
>
> Finally, the risk of conflicts of interest in this case is high. The nature of the charges gives each co-defendant a strong incentive to blame the other co-defendant[] for manufacturing marijuana. This high likelihood of conflicts of interest underscores the need for additional peremptory challenges; each Defendant is

---

[1] At the time Gilmore filed this motion, three co-defendants were to be tried. However, John Mahan subsequently plead guilty to an Information.

1

> likely to take on a different strategy and employ peremptory challenges in a different way.

(Id. at 1:24-2:3.)

The government responds to Gilmore's request, stating, *inter alia*:

> F. R. Crim. P. 24(b)(2) sets the number of peremptory challenges allotted to the parties . . . . The United States maintains that, ordinarily, adhering to these numbers will promote the expeditious and efficient trial of this case.
>
> . . . .
>
> In the event that Gilmore persuades the Court that additional peremptory challenges are necessary . . . , the United States requests that any award of additional peremptory challenges be granted only upon an agreement by defendants that the United States also be awarded additional peremptory challenges in the same . . . ration or proportion. . . .

(Gov't Opp'n 1:22-26, 2:6-12, ECF No. 121.)

Rule 24(b) prescribes the number of peremptory challenges to which each side is entitled. "In a felony case, as is this one, the Government is entitled to 6 peremptory challenges and the defendants jointly have 10 peremptory challenges." United States v. Kahre, No. 05-00121 DAE-RJJ, 2009 WL 1067298, at *1 (D. Nev. Apr. 20, 2009) (citing Fed. R. Crim. P. 24(b)(2)). Under Rule 24(b), "[t]he court may allow additional peremptory challenges to multiple defendants, and may allow the defendants to exercise those challenges separately or jointly." "However, there is no 'right' to additional peremptory challenges in multiple defendant cases. The award of additional challenges

2

1  is permissive, not mandatory and rests in the trial court's sound
2  discretion." United States v. McClendon, 782 F.2d 785, 787 (9th
3  Cir. 1986).
4           Gilmore has not shown that additional peremptory
5  challenges should be permitted in this two defendant case, which
6  charges each Defendant with one count of conspiracy to
7  manufacture marijuana in violation of 21 U.S.C. §§ 846 and
8  841(a)(1), and one count of manufacturing marijuana in violation
9  of 21 U.S.C. § 841(a)(1). (See Indictment, ECF No. 1.) Gilmore
10 has not shown that "[t]he standard number of challenges . . .
11 [will not] provide the parties [the] opportunity to select an
12 impartial jury that is representative of the community." Kahre,
13 2009 WL 1067298, at *2. "Furthermore, the [standard] number of
14 challenges will promote an efficient and expeditious jury
15 selection process." Id.; see Mclendon, 782 F.2d at 788 (stating
16 "[i]t was proper for the [district] court to consider the need
17 for expeditious proceedings" in denying the defendants' request
18 for additional peremptory challenges).
19         For the stated reasons, Gilmore's motion for additional
20 peremptory challenges is DENIED.
21 Dated:  January 5, 2016

                                  _____
                                  GARLAND E. BURRELL, JR.
                                  Senior United States District Judge