UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>RUSSELL EUGENE GILMORE, and RICHARD DAVID HEMSLEY,<br><br>            Defendants. | No.  2:13-cr-00300-GEB<br><br>**ORDER RE: DEFENDANTS' MOTIONS TO SEVER** |

        Defendant Russell Gilmore ("Gilmore") "requests severance of his charges and trial from his co-defendant[], unless the government offers no non-testifying defendant['s] statements against [him,]" arguing "[t]rying the co-defendants together will violate the Confrontation Clause of the 6th Amendment to the U.S. Constitution and Bruton v. US[,] 391 U.S. 123 (1968) and Cruz v. New York, 481 U.S. 186 (1987)." (Gilmore Mot. to Sever 1:17-22, ECF No. 110.) Defendant Richard Hemsley ("Hemsley") "adopts and joins . . . Gilmore's" motion. (Hemsley Joinder, ECF No. 114.)

        The government opposes severance, rejoining, *inter alia:* "[t]he United States does not intend to use any statements by either Gilmore or Hemsley that implicate each other." (Gov't Opp'n 2:16-18, ECF No. 136.) The government contends: "[b]ecause none of the statements the government intends to use implicate a

1  nontestifying co-defendant, there is no potential Bruton problem.
2  There being no Bruton issue, the Court should deny the motion to
3  sever." (Id. at 4:10-12.)
4       Gilmore replies that "John Mahan's guilty plea moots
5  [his] Motion to Sever, unless Mahan withdraws his plea and goes
6  to trial or the government offers any statements by Richard
7  Hemlsey against [him]." (Gilmore Reply, ECF No. 144.)
8       In light of the government's opposition and Gilmore's
9  reply, neither Gilmore nor Hemsley have shown that a separate
10 trial is necessary. Therefore, each severance motion is denied.
11 Dated:  January 5, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

2