UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>RUSSELL EUGENE GILMORE, and RICHARD DAVID HEMSLEY,<br><br>    Defendants. | No. 2:13-cr-00300-GEB-2<br><br>**ORDER DENYING DEFENDANT GILMORE'S MOTION TO EXCLUDE 404(B) EVIDENCE** |

Trial briefs have been filed in which defendant Russell Gilmore ("Gilmore") and the United States dispute whether Gilmore's alleged prior statement concerning what he previously did in Oregon is admissible at the impending trial. Gilmore previously moved in limine to exclude his alleged statement that he "previously worked security on marijuana grow operations in Oregon", arguing its admission "should be excluded under [Federal Rules of Evidence ("Rules") 404(b),] 401 and 403 since the evidence is irrelevant[,] . . . unduly prejudicial, . . . and purely bad character evidence." (Gilmore Mot. to Exclude Evid. 1:19-24, ECF No. 111.)

The government opposed the motion, arguing as follows, *inter alia*, that this evidence is admissible under Rules 404(b) and 403

>to rebut Gilmore's asserted defense that he was not involved in the charged marijuana grow operation, but, instead: (1) was living at the marijuana grow site merely because he was homeless; (2) was at the site providing security for the equipment and junk left at the site; and (3) was cleaning and salvaging scrap metal and other junk at the site to earn income.

(Gov't Opp'n 1:22-2:03, ECF No. 139; see Gilmore's Reply to Gov't Opp'n 1:25-28, ECF No. 146.)

Rule 404(b) prohibits the use of "a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." (Rule 404(b)(1).) However, "evidence may be admissible [to prove another purpose], such as motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." (Rule 404(b)(2).)

>The proponent of the 404(b) evidence must show that the evidence "(1) proves a material element of the offense for which the defendant is now charged, (2) . . . is similar to the offense charged, (3) is based on sufficient evidence, and (4) is not too remote in time."

United States v. Hardrick, 766 F.3d 1051, 1055 (9th Cir. 2014) (quoting United States v. Ramirez-Robles, 386 F.3d 1234, 1242 (9th Cir. 2004)); see United States v. Verduzco, 373 F.3d 1022, 1029 (9th Cir. 2004) ("[R]ather than stating consistently that the evidence must prove a 'material element,' the [Ninth Circuit] has frequently substituted the terms 'material issue' and 'material point' in the same context."). Further, "[t]he government must . . . show that the evidence satisfies Federal

2

Rule of Evidence 403 such that its probative value is not outweighed by its prejudicial effect." Ramirez-Robles, 386 F.3d at 1242.

The parties dispute Gilmore's purpose, intent, and motive for being on the property involved in the indicted offenses, where the marijuana garden was located ("the property"). "Intent, in the best of circumstances, is a difficult element to prove. It can usually be shown only by circumstantial evidence." United States v. Scott, 767 F.2d 1308, 1311 (9th Cir. 1985). The United States has shown that a material issue in this case is whether Gilmore was at the property in connection with the indicted conspiracy to manufacture marijuana plants, or whether, as Gilmore has argued, he was "living at the marijuana grow site" for innocent reasons, such as "providing security for the equipment and junk left at the site[.]" (Gilmore's Reply to Gov't Opp'n 1:25-28, ECF No. 146.) The statement involving Gilmore having engaged in similar activity in Oregon is similar activity to the charged offense. Further, the statement is based upon sufficient evidence since Gilmore is alleged to have made this statement to a witness whom the government intends to have testify at trial. Moreover, since Gilmore allegedly said "he had previously worked security on marijuana grow operations in Oregon[,]" the statement is not too remote in time. (See Gov't Opp'n 13, ECF No. 139.) See generally, United States v. Izatt, 480 F. App'x 447, 450 (9th Cir. 2012) (eight year old conviction not too remote under 404(b)).

Finally, the probative value of the statement exceeds the potential prejudice to Gilmore. The statement considerable

probative value on intent and motive issues involved with the charged offenses. See <u>United States v. Mehrmanesh</u>, 689 F.2d 822, 831 (9th Cir. 1982) (finding evidence to be "highly probative of [defendant's] knowledge and intent when [defendant's] defense centered on lack of knowledge and innocent proximity to the wrongdoers"). Further, "the probative value of the 404(b) evidence [is not] outweighed [by] the danger of unfair prejudice to [Gilmore]." <u>Hardrick</u>, 766 F.3d at 1055.

For the stated reasons, Gilmore's motion is denied.

Dated: April 12, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge