UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  2:13-cr-00300-GEB |
| Plaintiff, | |
| v. | **PROPOSED TRIAL DOCUMENTS** |
| RUSSELL EUGENE GILMORE, and RICHARD DAVID HEMSLEY, | |
| Defendants. | |

Attached are the Court's proposed closing jury instructions verdict forms. Any proposed modifications should be submitted as soon as practicable.

Dated:  April 14, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>RUSSELL EUGENE GILMORE, and<br>RICHARD DAVID HEMSLEY,<br><br>                    Defendants. | No.  2:13-cr-00300-GEB<br><br><br>**COURT'S DRAFT OF CLOSING JURY INSTRUCTIONS BASED ON PROPOSED INSTRUCTIONS** |

Instruction No. 1


Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

1

Instruction No. 2


The Indictment is not evidence.  Each defendant has pleaded not guilty to the charges in the Indictment.  Each defendant is presumed to be innocent unless and until the United States proves the defendant guilty beyond a reasonable doubt. In addition, each defendant does not have to testify or present any evidence to prove innocence.  The United States has the burden of proving every element of the charges beyond a reasonable doubt.

Instruction No. 3


A defendant in a criminal case has a constitutional right not to testify.  You may not draw any inference of any kind from the fact that the defendant did not testify.

Instruction No. 4


        Defendant  _____  has  testified.    You  should
treat  this  testimony  just  as  you  would  the  testimony  of  any
other  witness.

Instruction No. 5


Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the United States prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Instruction No. 6


The evidence you are to consider in deciding what the facts are consists of: the sworn testimony of any witness, the exhibits received in evidence, and any facts to which the parties have agreed.

Instruction No. 7

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, and in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

7

Instruction No. 8


Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Instruction No. 9


In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account: the witness's opportunity and ability to see or hear or know the things testified to; the witness's memory; the witness's manner while testifying; the witness's interest in the outcome of the case, if any; the witness's bias or prejudice, if any; whether other evidence contradicted the witness's testimony; the reasonableness of the witness's testimony in light of all the evidence; and any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Instruction No. 10


You are here only to determine whether the defendant is guilty or not guilty of the charges in the Indictment. The defendant is not on trial for any conduct or offense not charged in the Indictment.

Instruction No. 11


It does not matter if the Indictment charges that a specific act occurred on or about a certain date and the evidence indicates that, in fact, it was on another date.   The law only requires a substantial similarity between the dates alleged in the Indictment and the date established by testimony or exhibits.

Instruction No. 12


For reasons that do not concern you, the case against codefendant John Hollister Mahan is no longer before you. Do not speculate why. This fact should not influence your decisions with reference to the remaining defendants, and you must base your decisions solely on the evidence against the remaining defendants.

Instruction No. 13


You have heard testimony that the defendant made a statement. It is for you to decide whether the defendant made the statement, and if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

Instruction No. 14


You have heard evidence that defendant Russell Eugene Gilmore made a statement about a matter not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, plan, knowledge, absence of mistake, or absence of accident, and for no other purpose.

Instruction No. 15

You have heard testimony of eyewitness identification. In deciding how much weight to give to this testimony, you may consider the various factors mentioned in these instructions concerning credibility of witnesses.

In addition to those factors, in evaluating eyewitness identification testimony, you may also consider: the capacity and opportunity of the eyewitness to observe the offender based upon the length of time for observation and the conditions at the time of observation, including lighting and distance; whether the identification was the product of the eyewitness's own recollection or was the result of subsequent influence or suggestiveness; any inconsistent identifications made by the eyewitness; the witness's familiarity with the subject identified; the strength of earlier and later identifications; lapses of time between the event and the identifications; and the totality of circumstances surrounding the eyewitness's identification.

Instruction No. 16


You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Instruction No. 17

You have heard testimony from Sergeant Robert St. Pierre, Detective Eric Palmberg, and Sergeant Michael Cook who each testified in dual capacities as fact and opinion witnesses.

Fact testimony is based on what the witness saw, heard, or did. Opinion testimony is based on the education or experience of the witness.

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Take into account the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.

As to the testimony about the witness's opinions, this opinion testimony is allowed because of the education or experience of this witness. Opinion testimony should be judged like any other testimony. You may accept all of it, part of it, or none of it. You should give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

17

Instruction No. 18


During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case. These charts and summaries were not admitted in evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Instruction No. 19


Certain charts and summaries have been admitted in evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

Instruction No. 20


Each defendant is charged in Count One of the
Indictment with conspiring to manufacture marijuana plants in
violation of Section 841(a)(1) and 846 of Title 21 of the United
States Code.  In order for the defendant to be found guilty of
that charge, the United States must prove each of the following
elements beyond a reasonable doubt:

Beginning on or about May 2012, and ending on or about
September 7, 2012, there was an agreement between two or more
persons to commit at least one crime as charged in the
Indictment; and the defendant became a member of the conspiracy
knowing of at least one of its objects and intending to help
accomplish it.

A conspiracy is a kind of partnership—an agreement of
two or more persons to commit one or more crimes.  The crime of
conspiracy is the agreement to do something unlawful; it does
not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary
that the conspirators made a formal agreement or that they
agreed on every detail of the conspiracy.  It is not enough,
however, that they simply met, discussed matters of common
interest, acted in similar ways, or perhaps helped one another.
You must find that there was a plan to commit at least one of

the crimes alleged in the Indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins in an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

Instruction No. 21


A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with all of the other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the United States proves each of the following beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a

conspiracy was minor or for a short period of time.

Instruction No. 22


Each defendant is charged in Count Two the Indictment with manufacture of marijuana plants in violation of Section 841(a)(1) of Title 21 of the United States Code. In order for each defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly manufactured marijuana plants; and

Second, the defendant knew that it was marijuana plants or some other prohibited drug.

24

Instruction No. 23


Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find the defendant guilty of the crime of manufacture of marijuana plants as charged in Count Two of the Indictment if the United States has proved each of the following elements beyond a reasonable doubt:

First, a person named in Count Two of the Indictment committed the crime of manufacture of marijuana plants as alleged in that count;

Second, the person was a member of the conspiracy charged in Count One of the Indictment;

Third, the person committed the crime of manufacture of marijuana plants in furtherance of the conspiracy;

Fourth, the defendant was a member of the same conspiracy at the time the offense charged in Count Two was committed; and

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been

foreseen to be a necessary or natural consequence of the unlawful agreement.

Instruction No. 24

You shall not consider in deciding whether the defendant committed the crimes charged any claim that the marijuana plants were manufactured for alleged medical use. In other words, it is not a defense to any of the crimes charged that the marijuana plants were manufactured for alleged medical use.

You shall not consider what you may know or have heard regarding state law as it applies to marijuana. Instead, you shall only apply the law that I have given to you in these instructions.

27

Instruction No. 25


An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The United States is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Instruction No. 26


The term marijuana in Counts One and Two of the
Indictment means all parts of any Cannabis plant, whether
growing or not; the seeds thereof; the resin extracted from any
part of such plant; and every compound, manufacture, salt,
derivative, mixture, or preparation of such plant, its seeds or
resin. Such term does not include the mature stalks of such
plant, fiber produced from such stalks, oil or cake made from
the seeds of such plant, any other compound, manufacture, salt,
derivative, mixture, or preparation of such mature stalks
(except the resin extracted therefrom), fiber, oil, or cake, or
the sterilized seed of such plant which is incapable of
germination.

Instruction No. 27


The term "manufacture in Counts One and Two of the Indictment" means the manufacture, production, possessing, preparation, planting, cultivation, growing, and/or harvesting of marijuana.

A person who knowingly and intentionally aids, abets, or assists in the manufacture of marijuana plants is responsible for all of the marijuana plants that were manufactured as a result of his conduct. A marijuana plant has been manufactured once it has roots, stems, and leaves, and is viable. The law does not distinguish between a male or female marijuana plant; both are illegal under the law to manufacture.

The crime of manufacturing marijuana is completed upon the growing of the marijuana plants. Distribution of the marijuana is not an element of the crime of manufacturing.

Instruction No. 28

When you begin your deliberations, elect one member of the jury as your presiding juror who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Instruction No. 29


Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Instruction No. 30


The  punishment  provided  by  law  for  this  crime  is  for
the court to decide. You may not consider punishment in deciding
whether the government has proved its case against the defendant
beyond a reasonable doubt.

Instruction No. 31


A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the representative from the United States Marshals Service that you are ready to return to the courtroom.

Instruction No. 32


If you find the defendant guilty on a count, you must attempt to reach a unanimous decision on whether the amount involved was equal to or greater than the amount stated on the verdict form for that particular count. The United States' burden of proof as to the amount involved in each count is beyond a reasonable doubt.

Instruction No. 33


If it becomes necessary during your deliberations to communicate with me, you may send a note through the representative from the United States Marshals Service, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

1

2

3

4                    UNITED STATES DISTRICT COURT

5                    EASTERN DISTRICT OF CALIFORNIA

6

7   UNITED STATES OF AMERICA,        No. 2:13-cr-00300-GEB

8                Plaintiff,

9        v.                          **DRAFT VERDICT FORM**

10  RUSSELL EUGENE GILMORE, and
    RICHARD DAVID HEMSLEY,
11
                 Defendants.
12

13

14           WE,  THE  JURY,  FIND  THE  DEFENDANT,  RICHARD  DAVID

15  HEMSLEY, AS FOLLOWS:

16

17

18           AS  TO  COUNT  ONE  OF  THE  INDICTMENT,  Conspiracy  to

19  Manufacture Marijuana Plants, in violation of Title 21, United

20  States Code, Sections 841(a)(1) and 846:

21

22           NOT GUILTY _____     GUILTY _____

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

                                     1

AS TO COUNT TWO OF THE INDICTMENT, Manufacture of Marijuana Plants, in violation of Title 21, United States Code, Section 841(a)(1)

NOT GUILTY _____        GUILTY _____

If your verdict as to Count Two is Guilty, do you unanimously find beyond a reasonable doubt that RICHARD DAVID HEMSLEY manufactured at least 50 marijuana plants?

YES _____        NO _____

*(Please date, sign, and return this verdict.)*

Dated this _____ day of _____, 2015.

_____
PRESIDING JUROR

2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

            Plaintiff,

   v.

RUSSELL EUGENE GILMORE, and
RICHARD DAVID HEMSLEY,

           Defendants.

No. 2:13-cr-00300-GEB

**VERDICT FORM**

       WE, THE JURY, FIND THE DEFENDANT, RUSSELL EUGENE GILMORE, AS FOLLOWS:

       AS TO COUNT ONE OF THE INDICTMENT, Conspiracy to Manufacture Marijuana Plants, in violation of Title 21, United States Code, Sections 841(a)(1) and 846:

       NOT GUILTY _____      GUILTY _____

///
///
///
///
///
///

1

1    AS TO COUNT TWO OF THE INDICTMENT, Manufacture of

2  Marijuana Plants, in violation of Title 21, United States Code,

3  Section 841(a)(1)

4

5          NOT GUILTY _____        GUILTY _____

6

7

8

9          If your verdict as to Count Two is Guilty, do you

10  unanimously find beyond a reasonable doubt that RUSSELL EUGENE

11  GILMORE manufactured at least 50 marijuana plants?

12

13          YES _____        NO _____

14

15

16  *(Please date, sign, and return this verdict.)*

17  Dated this _____ day of _____, 2015.

18

19

20                          _____
                                         PRESIDING JUROR

21

22

23

24

25

26

27

28

                                     2