UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>RUSSELL EUGENE GILMORE and RICHARD HEMSLEY,<br><br>        Defendants. | No.  2:13-cr-300-GEB<br><br>**ORDER** |

      Defendants Russell Gilmore and Richard Helmsley filed a motion on March 3, 2017, in which they seek an order enjoining the United States from prosecuting this criminal action.  ECF No. 284.  Defendants argue this motion should be granted because Congress has banned the Department of Justice from spending funds to prosecute this criminal case in the following appropriations bill limitation, which funded the government through September 30, 2015 and has been extended by a subsequent continuing resolution that expires on April 28, 2017:  "None of the funds made available in this Act to the Department of Justice may be used, with respect to the States [which have prescribed medical marijuana laws, including California] to prevent such States from implementing their own State laws that authorize the use, distribution, possession, or cultivation of medical marijuana."

1

1  Defs.' Mot. 10:14-25, ECF No. 284-1 (quoting Consolidated and
2  Continuing Appropriations Act, 2015, Pub. L. No. 113-235, § 538
3  (2014)).
4      The United States counters the motion arguing, inter
5  alia, that nothing in the Act indicates "Congress . . . intend[ed
6  the Act] to prevent the United States from enforcing its own laws
7  on its own land" and that "it is undisputed that [the subject
8  marijuana] grow [site] was on federal land." Gov't's Opp'n 5:20-
9  22, ECF No. 286.  The United States includes in its opposition
10 brief trial evidence evincing that the subject marijuana grow
11 site was completely on the United States Bureau of Land
12 Management's ("BLM") property, and the factual basis attached to
13 co-defendant John Mahan's plea agreement in which Mahan agrees
14 that the subject marijuana garden was on BLM property. See Trial
15 Tr. of April 13, 2016, at 25:19-25, ECF No. 286-1, Ex. A; Plea
16 Agreement, Ex. A, ECF No. 286-1, Ex. E.
17     The only conflicting evidence in the motion record is
18 the trial testimony of a person who was on the property in
19 connection with a hunting venture.  That person said that half of
20 the marijuana grow site was on private property. See Trial Tr.
21 of April 13, 2016, at 23:22–24:4, ECF No. 284-1, Ex. J.  However,
22 that testimony is inconsistent with the following admission in
23 Defendants' motion where Defendants state:  "the U.S. government
24 surveyed the Storksbill Road property and determined that the
25 garden was on land belonging to the Bureau of Land Management
26 ("BLM")."  Defs.' Mot. 3:14-16.  "[S]tatements of fact contained
27 in a brief may be considered admissions of the party in the
28 discretion of the district court." Am. Title Ins. Co. v. Lacelaw

2

Corp., 861 F.2d 224, 227 (9th Cir. 1988); see also Gospel Missions of Am. v. City of Los Angeles, 326 F.3d 548, 557 (9th Cir. 2003) ("We have discretion to consider a statement made in briefs to be a judicial admission, binding on . . . the trial court." (citations omitted)).  Since this case was previously tried to a hung jury and the trial record only supports drawing the reasonable inference that the subject marijuana grow site was on federal property, Defendants' statement "that the garden was on land belonging to the Bureau of Land Management" is an admission. Defs.' Mot. 3:14-16.

A movant for "an injunction must prove the [movant]'s own case and adduce the requisite proof, by a preponderance of the evidence, of the conditions and circumstances upon which the [movant] bases the right to and necessity for injunctive relief." Orantes-Hernan v. Thornburgh, 919 F.2d 549, 558 (9th Cir. 1990). Defendants have not adduced the requisite proof to support their argument that the appropriations bill limitation precludes the prosecution of this criminal case.  The evidentiary evinces that the subject marijuana grow site was on federal land, and Defendants have not shown that the appropriations bill limitation precludes the prosecution of an alleged federal criminal offense occurring on federal land.

Therefore, the motion is denied.  Further, the March 31, 2017, hearing on the motion is vacated.

Dated:  March 28, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

3