PHILLIP A. TALBERT
United States Attorney
SAMUEL WONG
GREGORY BRODERICK
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RUSSELL EUGENE GILMORE, AND RICHARD DAVID HEMSLEY,<br><br>Defendants. | CASE NO. 2:13-CR-0300-GEB<br><br>**STIPULATION AND [PROPOSED] ORDER VACATING TRIAL CONFIRMATION HEARING AND TRIAL DATE, SETTING STATUS CONFERENCE, AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT**<br><br>DATE: May 12, 2017<br>TIME: 9:00 a.m.<br>COURT: Hon. Garland E. Burrell, Jr. |

IT IS HEREBY STIPULATED by and between Phillip A. Talbert, United States Attorney, through Gregory T. Broderick, Assistant United States Attorney, attorney for Plaintiff, and Heather E. Williams, Federal Defender, through Assistant Federal Defenders Sean Riordan and Matthew C. Bockmon, attorneys for defendant Russell E. Gilmore, that the trial set for June 20, 2017, be vacated, and that the Trial Confirmation Hearing scheduled for May 12, 2017, be vacated. Defendant Richard Hemsley is not a party to this stipulation as he is currently a fugitive with an outstanding warrant issued by Magistrate Judge Delaney on April 5, 2017. *See* Dkt. Nos. 298-300. The United States e-mailed Mr. Hemlsey on May 10, 2017, in an attempt to ascertain his position. He responded by email as follows: "Friday's date vacated and moving out 120 days for another potential TCH. Check! I agree with stipulation."

STIP. TO VACATE TRIAL DATE AND TCH; SET STATUS CONFERENCE

1

The continuance is appropriate because lead counsel for Gilmore, AFD Bockmon, underwent a significant medical procedure on Friday, May 5, 2017, that will require a substantial recovery period. AFD Bockmon has been counsel for Gilmore from the inception of this prosecution. Trial is approximately six weeks away, and effective preparation by AFD Bockmon is not reasonably possible due to the nature of the medical procedure and the required recovery period. Accordingly, the parties agree and request that the Court find that the failure to grant this requested continuance would deny Gilmore continuity of counsel and his defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The parties further agree and request that the Court find that the ends of justice served by continuing the case as requested outweigh the best interests of the public and the Gilmore in a trial in a speedy trial.

Moreover, both defendants Gilmore and Hemsley have recently appealed this Court's denial of their motion to stay or enjoin the prosecution based on *United States v. McIntosh*, 833 F.3d 1163 (9th Cir. 2016). (Dkt. No. 290). The present briefing schedule in that appeal provides for opening briefs on or before July 3, 2017, answering brief on or before August 2, 2017, and any reply brief by August 16, 2017. The parties plan to seek expedited review following the completion of briefing.

In view of the uncertainty surrounding Gilmore's counsel's recovery and the timing of the pending interlocutory appeal, the parties stipulate to, and request that the Court set, a status conference for September 1, 2017, at 9:00 a.m.

Based upon the foregoing, the parties agree and request that the Court order for the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which the trial of this case must commence, the time period from the date of this stipulation, May 10, 2017, to and including the September 1, 2017, status conference hearing, shall be excluded pursuant to 18 U.S.C. § 3161(h)(7)(A) and B(iv) and Local Code T4 to allow Gilmore continuity of counsel and his counsel time to prepare his defense. The parties further agree and request that the Court order for the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq*., within which the trial of this case must commence, the time period from the date of this stipulation, May 10, 2017, should be excluded through and including the termination of the interlocutory appeal, pursuant to (1) 18 U.S.C. §3161(h)(1)(C) and Local Code D, both of which pertain to delay resulting from interlocutory appeals.

*See, e.g.*, *United States v. Pete*, 525 F.3d 844, 852 (9th Cir. 2008) ("like the exception under § 3161(h)(1)(F) for pretrial motions, the exclusion of time under § 3161(h)(1)(E) for an 'interlocutory appeal' need not actually cause any delay to create excludable time; the exclusion is automatic."); *Accord United States v. Tinklenberg*, 563 U.S. 647, 660 (2011) (citing *Pete*).

Dated: May 10, 2017

Respectfully submitted,

PHILLIP A. TALBERT
United States Attorney

By: */s/ Gregory Broderick*
GREGORY BRODERICK
SAMUEL WONG
Assistant United States Attorney

HEATHER E. WILLIAMS
Federal Defender

By: */s/ Sean Riordan* (authorized May 10, 2017)
MATTHEW BOCKMAN
SEAN RIORDAN
Attorneys for Defendant Russell Gilmore

The Court having received, read, and considered the stipulation between the plaintiff United States of America and defendant Russell Gilmore, and good cause appearing therefrom, adopts the stipulation in its entirety as its Order.

**IT IS SO ORDERED**.

Dated: May 11, 2017

```
_____
GARLAND E. BURRELL, JR.
Senior United States District Judge
```